UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ARTHUR MERCER,

                                    Plaintiff,

                                                            1:11-CV-232
                    v.                                      (GTS/DRH)

ANDREW CUOMO, Governor of New York;
ERIC T. SCHNEIDERMAN, Attorney General of
New York, THOMAS A. KLONICK, and the members
of the commission on judicial conduct, and the
State of New York,

                                    Defendants.


APPEARANCES:

ARTHUR MERCER
Plaintiff pro se
001646
Ulster County Jail
380 Boulevard
Kingston, New York 12401

DAVID R. HOMER
U.S. Magistrate Judge

### REPORT-RECOMMENDATION and ORDER

In compliance with this Court's order (Dkt. No. 4), pro se plaintiff Arthur Mercer

("Mercer" or "plaintiff") filed an amended complaint.  Dkt. No. 8.   Mercer brings this action

pursuant to 42 U.S.C. § 1983.  A review of the amended complaint reveals that Mercer has

failed to bring forth any new or additional facts or claims demonstrating that the defendants

were personally involved in the alleged violation of Mercer's constitutional rights. Mercer's

amended complaint contains three numbered paragraphs alleging that each defendant failed

to perform his duties which resulted in a violation of plaintiff's constitutional rights.  Dkt. 8 at 2.

Mercer was instructed that any amended complaint must show evidence that (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Leeke v. Timmerman*, 454 U.S. 83 (1981).  Moreover, Mercer's amended complaint fails to demonstrate that he has standing to complain that the named defendants deprived him of any civil right since Mercer had no direct contact with any of the defendants.  *Id.*

In sum, Mercer's amended complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  Accordingly, it is hereby

**RECOMMENDED** that Mercer's amended complaint be dismissed in its entirety without prejudice pursuant to Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2)(A)(v) for failure to comply with the Court's March 9, 2011 order; and it is hereby

**ORDERED** that the Clerk serve Mercer with a copy of this report-recommendation by regular mail and certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d

85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  April 18, 2011
        Albany, New York

_____

United States Magistrate Judge