UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARTHUR MERCER,

                        Plaintiff,

v.                                                1:11-CV-0232
                                                            (GTS/DRH)

ANDREW CUOMO, Governor of New York State;
THOMAS A. KLONICK, Judicial Conduct Member;
and ERIC T. SCHNEIDERMAN, Attorney General for
the State of New York,

                        Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

ARTHUR MERCER, 001646
  Plaintiff, *Pro Se*
Ulster County Jail
380 Boulevard
Kingston, New York 12401

HON. GLENN T. SUDDABY, United States District Judge

## **MEMORANDUM-DECISION and ORDER**

      Currently before the Court in this *pro se* civil rights action, filed by Arthur Mercer ("Plaintiff") against the three above-captioned individuals ("Defendants"), are the following: (1) United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Plaintiff's Second Amended Complaint be *sua sponte* dismissed in its entirety without prejudice pursuant to Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2)(A)(v) for failure to comply with the Court's Order of March 9, 2011 ("March Order") requiring Plaintiff to file an amended pleading that states a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 9); (2) Plaintiff's Objection to the Report-Recommendation (Dkt. No. 12); (3) Plaintiff's Third

Amended Complaint (Dkt. No. 13); and (4) Plaintiff's motion for appointment of counsel (Dkt. No. 13). After carefully considering the matter, the Report-Recommendation is accepted and adopted as modified below; Plaintiff's Second Amended Complaint is *sua sponte* dismissed in its entirety *with prejudice* for (1) failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A and Fed. R. Civ. P. 12(b)(6) and, in the alternative, (2) failure to comply with a Court Order pursuant to Fed. R. Civ. P. 16(f)(1)(C) and 41(b); Plaintiff's Third Amended Complaint is struck from the docket as violative of Fed. R. Civ. P. 15(a)(2) and, in the alternative, as futile; and Plaintiff's motion for appointment of counsel is denied as moot and, in the alternative, as without cause.

I.  RELEVANT BACKGROUND

    A.  **Procedural History Leading to Plaintiff's Second Amended Complaint**

On February 24, 2011, Plaintiff filed his Complaint in this action. (Dkt. No. 1.)[1] On that same day, Plaintiff filed a motion to proceed *in forma pauperis*. (Dkt. No. 2.) On March 9, 2011, Magistrate Judge Homer granted Plaintiff's motion to proceed *in forma pauperis*, and ordered Plaintiff to file an Amended Complaint that states a claim upon which relief can be granted. (Dkt. No. 4.) In his Order, Judge Homer warned Plaintiff that his "failure to file an amended complaint may result in dismissal of this action." (*Id.*)

On April 5, 2011, Plaintiff filed an Amended Complaint. (Dkt. No. 7.)

---

[1] This action is Plaintiff's third civil rights complaint filed in this District arising from the same state court conviction. *See Mercer v. Petro*, 11-CV-0157, Complaint (N.D.N.Y. filed February 10, 2011); *Mercer v. Schneiderman*, 11-CV-0490, Complaint (N.D.N.Y. filed Apr. 29, 2011).

On April 9, 2011, without having obtained prior leave to do so as required by Fed. R. Civ. P. 15(a)(2),[2] Plaintiff filed a Second Amended Complaint. (Dkt. No. 8.) In doing so, Plaintiff asserted that his Second Amended Complaint is a "cop[y]" of his Amended Complaint. (Dkt. No. 8 ["Because of the delay in receiving the law library and the typewriter you will receive to [sic] copies of this Amended [C]omplaint[.] [P]lease accept this one and return the other one[.]"]) However, a comparison of Plaintiff's Amended Complaint (Dkt. No. 7) and his Second Amended Complaint (Dkt. No. 8) reveals that they are in fact different, not only with regard to the wording of Plaintiff's claims against Defendants Cuomo and Schneiderman, but with regard to the substance of his claims against Defendant Klonick. (*Compare* Dkt. No. 7 [not asserting a Sixth Amendment claim against Defendant Klonick, but requesting the "removal of this judge" as partial relief] *with* Dkt. No. 8 [asserting a Sixth Amendment claim against Defendant Klonick, but not requesting the "removal of this judge" as partial relief].)

### B. Plaintiff's Second Amended Complaint

Out of special solicitude to Plaintiff as a *pro se* civil rights litigant, the Court has construed with the utmost of special liberality his Second Amended Complaint. Generally, in his Second Amended Complaint, Plaintiff alleges that the three above-captioned Defendants violated his constitutional rights in the following respects: (1) Defendant Cuomo violated his Fourteenth Amendment right to equal protection by "fail[ing] to supervise his subordinates and [acting with] gross negligence in the performance of his duties[,]" which includes his "responsibi[lity] for the conduct of the commission on judicial conduct" and obligation to appoint new members to this commission; (2) Defendant Schneiderman violated his Fourteenth Amendment right to equal

---

[2] *See also* N.D.N.Y. L.R. 7.1(a)(4).

protection by "failing to act in accordance with the law" and acting with "gross negligence in the performance of his duties[,]" which include his "responsibility to investigate corruption"; and (3) Defendant Klonick, a member of the New York State Commission on Judicial Conduct, deprived Plaintiff of his Fourteenth Amendment right to due process and his Sixth Amendment right to counsel by failing to remove from the bench, based on his "misconduct," the judge who presided over Plaintiff's criminal action in Ulster County Court. (Dkt. No. 8.)

For a more detailed recitation of the allegations of Plaintiff's Second Amended Complaint, the Court refers the reader to that pleading in its entirety, as well as Magistrate Judge Homer's Report-Recommendation, which accurately describes the allegations of that pleading. (Dkt. Nos. 8, 9.)

      C.      **Magistrate Judge Homer's Report-Recommendation**

On April 18, 2011, Magistrate Judge Homer issued a Report-Recommendation recommending that Plaintiff's Second Amended Complaint be dismissed, pursuant to Fed. R Civ. P. 16(f)(1)(C) and 37(b)(a)(A)(v), for failure to comply with the March Order, which required Plaintiff to file an Amended Complaint that states a claim upon which relief can be granted. (Dkt. No. 9.)

      D.      **Plaintiff's Objections to the Report-Recommendation**

On June 20, 2011, after an extension of time was granted by the Court, Plaintiff filed his Objections to the Report-Recommendation. (Dkt. No. 12.) In his Objections, Plaintiff restates his claim that the New York State Commission on Judicial Conduct failed to investigate Plaintiff's complaints regarding the Ulster County Court Judge who presided over his criminal trial, thereby allowing this Judge to accept two illegal indictments against Plaintiff, and prosecute Plaintiff "from the bench." (Dkt. No. 12.)

### E. Plaintiff's Third Amended Complaint

On June 20, 2011, again without having obtained prior leave to do so as required by Fed. R. Civ. P. 15(a)(2),[3] Plaintiff filed a Third Amended Complaint. (Dkt. No. 13.) Generally, Plaintiff's Third Amended Complaint alleges that the New York State Commission on Judicial Conduct violated his Fourteenth Amendment right to equal protection by failing to investigate the conduct of the judge who presided over Plaintiff's criminal action in Ulster County Court, despite Plaintiff's having filed, with that Commission on or about April 4, 2011, a third complaint regarding that judge. (*Id.*) The Court notes that Plaintiff's Third Amended Complaint differs from his Second Amended Complaint in two ways: (1) his Third Amended Complaint omits any claims against Defendants Cuomo and Schneiderman; and (2) the Third Amended Complaint asserts, for the first time, claims against the other nine members of the New York State Commission on Judicial Conduct. (*Compare* Dkt. No. 8 *with* Dkt. No. 13.) The Court notes also that, while Plaintiff's Third Amended Complaint identifies by name the judge who presided over Plaintiff's criminal action in Ulster County Court,[4] it does not, even when construed with the utmost of special liberality, attempt to assert a claim against him.[5]

---

[3]     *See also* N.D.N.Y. L.R. 7.1(a)(4).

[4]     Plaintiff identifies this judge as Donald Williams. (Dkt. No. 13, at ¶ 1.)

[5]     For example, the caption of Plaintiff's Third Amended Complaint does not identify Judge Williams as a Defendant, as expressly required by the Court's Order of March 9, 2011. (Dkt. No. 13, at 1; Dkt. No. 4, at 4-5.) Furthermore, the body of Plaintiff's Third Amended Complaint merely premises Plaintiff's claim against the Commission on the behavior of Judge Williams; it does not assert a assert a separate claim against Judge Williams. (Dkt. No. 13, at ¶¶ 1-2.) The Court assumes this is because of the absolute immunity that protects such judges from civil liability, under the circumstances. *See*, *infra*, Part III.B. of this Decision and Order.

### F. Plaintiff's Motion for Appointment of Counsel

In his Third Amended Complaint, Plaintiff also "request[s] that he be assigned counsel to assist him in the handling of this complaint and the other complaints that [P]laintiff has filed with this Court . . . ." (*Id.*) Plaintiff's request for counsel is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector. (*Id.*)

## II. STANDARD OF REVIEW

### A. Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[6] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[7]

---

[6] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[7] *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard of Review Governing a Dismissal for Failure to Obey a Court Order

Rule 16(f) of the Federal Rules of Civil Procedure provides that, "[o]n motion or on its own, the court may issue any just orders . . . if a party . . . fails to obey a . . . pretrial order . . . ." Fed. R. Civ. P. 16(f)(1)(C). Among the "just orders" implicitly authorized by Fed. R. Civ. P. 16(f)(1)(C) are orders of involuntary dismissal for failure to obey a Court Order, pursuant to Fed. R. Civ. P. 41(b).[8] Even though Fed. R. Civ. P. 41(b) speaks only of a dismissal *on a motion by a defendant,* courts have recognized that the rule does nothing to abrogate a district court's inherent power to dismiss a plaintiff's complaint, *sua sponte,* for failure to obey a court order. *See Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998). The correctness of a Fed. R. Civ. P. 41(b) dismissal for failure to comply with an Order of the Court is determined in light of five factors:

---

07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[8] The Court notes that among the orders expressly authorized by Fed. R. Civ. P. 16(f) are "those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1)(C). However, Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) regards sanctions for not obeying a *discovery* order. *See* Fed. R. Civ. P. 37(b)(2)(A) (**"Sanctions in the District Where the Action Is Pending.** (A) *For Not Obeying a Discovery Order*. If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part.") [emphasis in original]. Here, because the Court does not construe Magistrate Judge Homer's March Order as a discovery order, the Court does not rely on Fed. R. Civ. P. 37(b)(2)(A).

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *see also Hevner v. Village E. Towers, Inc.*, 293 Fed. Appx. 56, 58 (2d Cir. 2008); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

    **C.**    **Standard of Review Governing a *Sua Sponte* Dismissal Pursuant to 28 U.S.C. §§ 1915(e) and 1915(A)**

In the March Order, Magistrate Judge Homer correctly recited the legal standard governing a *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (Dkt. No. 4.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties. The Court would add only the following recitation of the legal standard governing dismissals for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

9

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Iqbal*, 129 S.Ct. at 1949  (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants.  While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[9] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[10]  Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[11]

---

[9] *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[10] *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[11] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in

Finally, with regard to whether a dismissal for failure to state a claim must be preceded by the granting of leave to amend, generally before a district court dismisses a *pro se* civil rights action *sua sponte*, the plaintiff will be allowed to amend his or her action. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.[12] Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile."); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that denial was not abuse of discretion where amendment

---

*Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

[12]     *Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008) (Kahn, J., adopting, on de novo review, Report-Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec .*, *Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 28 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").[13]  Again, this rule applies even to *pro se* civil rights plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355, at *1.

### III.  ANALYSIS

#### A.  Plaintiff's Second Amended Complaint

As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections fail to specifically address Magistrate Judge Homer's recommendations. Instead, Plaintiff's Objections simply repeat the allegations that give rise to his claims. As a result, and for the reasons explained above in Part II.A. of this Decision and Order, the Court need review the Report-Recommendation for only clear error.

After doing so, the Court can find no error in the Report-Recommendation, clear or otherwise.[14]  In the March Order, Magistrate Judge Homer clearly warned Plaintiff that this

---

[13]  The Court notes two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez*, 171 F.3d at 796; *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. at 45-46, which was "retire[d]" by the Supreme Court in *Twombly*, 127 S. Ct. 1955. *See Gomez*, 171 F. 3d at 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley*, 355 U.S. at 45-46). Thus, this standard does not appear to be an accurate recitation of the governing law.

[14]  In this way, the Court finds that Magistrate Judge Homer's Report-Recommendation would survive even a *de novo* review.

action could be dismissed if he failed to file an amended pleading that cured the pleading deficiencies identified in that order.  Nonetheless, Plaintiff's Second Amended Complaint essentially restated his previous allegations.  As a result, the Court adopts the Report-Recommendation with only the following two modifications: (1) because the thrust of Magistrate Judge Homer's Report-Recommendation is that Plaintiff's Second Amended Complaint failed to correct the pleading defects identified in Plaintiff's original Complaint, the Court finds it permissible to base this Decision and Order primarily on Plaintiff's failure to state a claim upon which relief can be granted, rather than on Plaintiff's failure to obey a Court Order; and (2) because the Court finds the defects in Plaintiff's Second Amended Complaint to be substantive rather than merely formal, and because the Court finds that Plaintiff's proffered Third Amended Complaint fails to state a claim (*see*, *infra*, Part III.B. of this Decision and Order), the Court finds that the dismissal of Plaintiff's Second Amended Complaint should be *with prejudice*.

The Court would add only two points.  First, although Magistrate Judge Homer based his Report-Recommendation on Plaintiff's failure to comply with the Court's March Order (which did not expressly address a claim against Defendant Schneiderman, because Plaintiff had not yet asserted such a claim), the Court construes Magistrate Judge Homer's Report-Recommendation as being based partly on a finding that Plaintiff's Second Amended Complaint fails to allege facts plausibly suggesting that Defendant Schneiderman (1) was personally involved in the alleged deprivation of Plaintiff's liberties, and/or (2) violated his equal protection rights by somehow not performing his duties as Attorney General of New York.  (Dkt. No. 9, at 2 ["Mercer was instructed that any amended complaint must show evidence that . . . the defendant participated directly in the alleged constitutional violation."].)

Second, Plaintiff's Second Amended Complaint is subject to dismissal against each Defendant also on the ground of immunity. More specifically, individuals "involved in preparing and adjudicating attorney discipline proceedings" who share a role "closely associated with the judicial process" are protected from suit by the doctrine of quasi-judicial immunity. *See, e.g., McKeown v. N.Y. State Com'n on Judicial Conduct*, 377 F. App'x 121, 123 (2d Cir. May 18, 2010) (citing, *inter alia*, *Anonymous v. Ass'n of the Bar of N.Y.*, 515 F.2d 427, 433 [2d Cir. 1975] [observing that New York State courts regard disciplinary proceedings as "judicial proceeding [s]" and determining that the state bar association's grievance committee acted as a quasi-judicial body and an arm of the Appellate Division]). Here, Plaintiff has not alleged facts plausibly suggesting how Defendant Klonick deviated from his quasi-judicial role in not investigating the conduct of the judge who presided over Plaintiff's criminal action in Ulster County Court. As a result, Defendant Klonick is immune from suit.

Similarly, the Governor of New York, as well as the Attorney General, when acting in their official capacities, are immune from suit under the doctrine of sovereign immunity and the Eleventh Amendment. *See Walker v. United States*, 08-CV-3025, 2008 WL 3851589, at *2 (E.D.N.Y. Aug. 18, 2008); *Johnson v. Donaldson*, 03-CV-1267, 2003 WL 22748694, at *1 (S.D.N.Y. Nov. 19, 2003). Here, Plaintiff alleges that Defendant Cuomo and Defendant Schneiderman violated their duties as Governor and Attorney General by not investigating the Commission on Judicial Conduct. These factual allegations are based on actions (or inactions) by these individuals in their official capacities. As a result, Defendant Cuomo and Defendant Schneiderman are also immune from suit.

For all of these reasons, Plaintiff's Second Amended Complaint is dismissed *with prejudice*.

### B.  Plaintiff's Third Amended Complaint

As an initial matter, the Court finds that Plaintiff's Third Amended Complaint (as was his Second Amended Complaint) was filed in violation of Fed. R. Civ. P. 15(a)(2),[15] in that an Amended Complaint had already been filed and Plaintiff failed to file a motion for leave to amend that amended pleading.  Out of an extension of special leniency to Plaintiff, Magistrate Judge Homer excused this violation with regard to Plaintiff's Second Amended Complaint.  The Court will not do so with regard to Plaintiff's Third Amended Complaint, because Magistrate Judge Homer has already issued a Report-Recommendation with regard to Plaintiff's Second Amended Complaint.  Permitting Plaintiff to change the landscape of his twice-amended claims after Magistrate Judge Homer has already analyzed them would be a grossly inefficient use of judicial resources, and indeed would frustrate the purpose of the Magistrates Act.[16]  <u>For this reason, the Court directs the Clerk of the Court to strike from the docket Plaintiff's Third Amended Complaint</u>.[17]

The Court would add only that, even if it were to analyze the pleading sufficiency of Plaintiff's Third Amended Complaint, it would conclude that that pleading fails to state a claim upon which relief can be granted.  As does his Second Amended Complaint, Plaintiff's Third Amendment Complaint fails to allege facts plausibly suggesting a claim upon which relief can be granted.  (*Compare* Dkt. No. 8 *with* Dkt. No. 13.)  More specifically, Plaintiff's Third Amended

---

[15]  *See also* N.D.N.Y. L.R. 7.1(a)(4).

[16]  *Cf. Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

[17]  The Court notes that Plaintiff himself acknowledges that the Ulster County Jail has a law library.  (Dkt. No. 8, at 1.)

Complaint alleges that the ten members who comprise the New York State Commission on Judicial Conduct violated his Fourteenth Amendment right to equal protection by failing to investigate the conduct of the judge who presided over Plaintiff's criminal action in Ulster County Court, despite Plaintiff's having filed, with that Commission on or about April 4, 2011, a third complaint regarding that judge. (Dkt. No. 13.)

As an initial matter, these allegations do not plausibly suggest the personal involvement of either Defendant Cuomo or Defendant Schneiderman. As a result, to the extent Plaintiff's Third Amended Complaint is asserted against these individuals, it would be dismissed.

Moreover, to the extent Plaintiff's Third Amended Complaint seeks monetary relief based on his underlying conviction, because Plaintiff has not alleged facts plausibly suggesting that his criminal conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . .", it would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In addition, to the extent Plaintiff's Third Amended Complaint attempts to assert a claim against the judge who presided over Plaintiff's criminal action in Ulster County Court (based on his accepting an indictment against Plaintiff without affording Plaintiff an opportunity, during the grand jury proceedings, to be represented by counsel and/or testify), that claim would be dismissed because the acts alleged by Plaintiff were performed by that judge in the course of his judicial function. *See Tapp v. Champagne*, 164 F. App'x 106, 108 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of § 1983 claims against judges protected by absolute immunity); *Hancock v. McLaughlin*, 10-CV-4607, 2010 WL 5094615, at *2 (S.D.N.Y. Dec. 13, 2010) (dismissing claims against judges who dismissed plaintiff's motion to suppress evidence, presided at plaintiff's criminal trial, and sentenced plaintiff, as acts performed in the course of

17

judicial functions and barred under absolute immunity); *Phelan v. Sullivan*, 05-CV-0724, 2010 WL 2948217, at *4-5 (N.D.N.Y. Jul. 7, 2010) (Baxter, M.J.) (recommending dismissal of claims against judge for denying plaintiff's bail application as barred by absolute immunity and as falling under judge's judicial capacity), adopted by 2010 WL 2948188 (Hurd, J.).

Furthermore, to the extent Plaintiff's Third Amended Complaint is asserted against the Commission on Judicial Conduct, it would be barred by the Eleventh Amendment because (1) the New York State Commission on Judicial Conduct ("SCJC") is an arm of the state,[18] and (2) Plaintiff has not alleged facts plausibly suggesting that the State has consented to be subject to suit in this context, or that the State's immunity from suit has been otherwise abrogated.

Finally, to the extent Plaintiff's Third Amended Complaint is asserted against Defendant Klonick, it would be dismissed for the reasons set forth above in Part III.A. of this Decision and Order.

### C. Plaintiff's Motion for Appointment of Counsel

Having dismissed Plaintiff's Complaints, Plaintiff's motion for appointment of counsel is denied as moot. (Dkt. No. 13.) In the alternative, that motion is denied as without cause in that (1) it is unsupported by documentation that substantiates his efforts to obtain counsel from the public and private sector, and (2) appointed of counsel is not warranted based on a weighing of the factors articulated in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).

### D. Possibility of Future Bar Order

In the span of five months, Plaintiff filed four *pro se* actions in this District, including the

---

[18] *See McKeown*, 377 F. App'x at 123.

current action.[19]  Of the three other actions that Plaintiff has filed, two have been dismissed for failure to state a claim,[20] and one (a habeas corpus action) has been dismissed for lack of subject-matter jurisdiction.[21]  Plaintiff is hereby cautioned that–setting aside his rapid acquisition of "strikes" pursuant to 28 U.S.C. 1915(g)–his unwarranted litigiousness is bordering on vexatiousness.  Should he continue to file meritless actions, he will be directed to show cause as to why the Court should not issue an Order barring him from filing any future *pro se* actions in this Court without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED as modified below**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 8) is **DISMISSED** in its entirety *with prejudice* for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A and Fed. R. Civ. P. 12(b)(6), and, in the alternative, for failure to comply with a Court Order pursuant to Fed. R. Civ. P. 16(f)(1)(C) and 41(b); and it is further

---

[19]  *See Mercer v. Petro*, 11-CV-0157, Complaint (N.D.N.Y. filed Feb. 10, 2011) (prisoner civil rights action); *Mercer v. Cuomo*, 11-CV-0232, Complaint (N.D.N.Y. filed Feb. 24, 2011) (prisoner civil rights action); *Mercer v. Schneiderman*, 11-CV-0490, Complaint (N.D.N.Y. filed Apr. 29, 2011) (prisoner civil rights action); *Mercer v. Carnright*, 11-CV-0783, Complaint (N.D.N.Y. filed July 11, 2011) (habeas corpus action).

[20]  *See Mercer v. Petro*, 11-CV-0157, Decision and Order (N.D.N.Y. filed June 28, 2011) (Suddaby, J.); *Mercer v. Schneiderman*, 11-CV-0490, Decision and Order (N.D.N.Y. filed Aug. 18, 2011) (Suddaby, J.).

[21]  *See Mercer v. Carnright*, 11-CV-0783, Decision and Order (N.D.N.Y. filed July 21, 2011) (Suddaby, J.).

**ORDERED** that the Clerk of the Court shall **STRIKE** from the docket Plaintiff's Third Amended Complaint (Dkt. No. 13), as violative of Fed. R. Civ. P. 15(a)(2) and, in the alternative, as futile; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 13) is **DENIED** as moot and, in the alternative, as without cause.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a) (3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: August 30, 2011
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge